NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 15-16744 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00915-VC |
| v. | |
| LAURIE THOMAS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Kenneth Lee Taylor, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Taylor failed to raise a genuine dispute of material fact as to whether Thomas was deliberately indifferent in the treatment of Taylor's internal and external hemorrhoids and bleeding. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Taylor's motion to compel depositions because Taylor did not file the motion until after judgment was entered. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (setting forth standard of review).

The district court did not abuse its discretion by denying Taylor's motion for sanctions under Federal Rule of Civil Procedure 11 because Taylor failed to demonstrate any basis for imposing sanctions. *See* Fed. R. Civ. P. 11(b); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-16744

Taylor's motion to appoint pro bono counsel (Docket Entry No. 28) is denied.

**AFFIRMED.**